*Wolff v. State University of New York*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand seventeen.

PRESENT:
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> JOHN G. KOELTL,
> > *District Judge*.[*]

_____

JEFFREY WOLFF,

> *Plaintiff-Appellant*,

> v.                                                          No. 16-553

STATE UNIVERSITY OF NEW YORK, COLLEGE AT CORTLAND, MICAL WILLIAMS, KIMBERLY A. ROMBACH, CYNTHIA BENTON, SUSAN WILSON, ANDREA LACHANCE, ELIZABETH S. KLEIN, JUDITH SCHILLO, MARLEY S. BARDUHN, MARK PRUS,

> *Defendants-Appellees*.[**]

---

[*]     Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

[**]     The Clerk of Court is directed to amend the caption to conform to the above.

FOR PLAINTIFF-APPELLANT:    JEFFREY WOLFF, *pro se*, Catskill, NY.

FOR DEFENDANTS-APPELLEES
STATE UNIVERSITY OF NEW YORK,
COLLEGE AT CORTLAND, KIMBERLY
A. ROMBACH, CYNTHIA BENTON,
SUSAN WILSON, ANDREA LACHANCE,
ELIZABETH S. KLEIN, JUDITH SCHILLO,
MARLEY S. BARDUHN, MARK PRUS:    JONATHAN B. FELLOWS (Suzanne O.
Galbato, *on the brief*), Bond, Schoeneck &
King, PLLC, Syracuse, NY.

FOR DEFENDANT-APPELLEE
MICAL WILLIAMS:    LESLIE P. GUY, Hinman, Howard &
Kattell, LLP, Binghamton, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 5, 2016 judgment of the District Court is **AFFIRMED**.

Appellant Jeffrey Wolff, proceeding *pro se*, sued the State University of New York, College at Cortland ("SUNY Cortland") and several of its employees under 42 U.S.C. § 1983 and Title IX. He appeals the District Court's grant of summary judgment to the defendants-appellees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only insofar as is necessary to explain our decision to affirm.

We review *de novo* a district court's grant of summary judgment, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (internal quotation marks omitted). Wolff has limited the issues on appeal to his claims of procedural and substantive due process violations under § 1983 and hostile educational environment under Title IX. *See LoSacco v.*

2

*City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal.").

As an initial matter, the District Court properly granted summary judgment to defendant-appellee Mical Williams. For a defendant to be liable under § 1983, she must be a state actor or must have acted in concert with a state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Although Williams is a SUNY Cortland lecturer, she did not act in that capacity with regard to Wolff, and Wolff offered no evidence either (1) of concerted action between Williams and the SUNY defendants, or (2) that she used her position to influence the dismissal procedure. Wolff did not raise his "cat's paw" theory—that Williams manipulated the SUNY defendants into dismissing him—in the District Court; it thus is not properly before us on appeal. *See Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005). Even were it properly presented, however, it would fail on the merits because, as discussed below, Wolff offered no evidence that Williams's actions caused his dismissal.

The District Court properly granted summary judgment to the other individual SUNY defendants on Wolff's substantive and procedural due process claims. To establish a substantive due process claim based on an academic decision, a plaintiff must show such "a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985). For academic decisions, "educational institutions have the right to receive summary judgment unless there is evidence . . . that there was no rational basis for the decision or that it was motivated by bad faith or ill will unrelated to academic performance." *Clements v. Nassau Cty.*, 835 F.2d 1000, 1004 (2d Cir. 1987). Wolff points to two emails as evidence of the institution's purported bad faith or ill will and argues that, in granting summary judgment for defendants, the District Court failed to view the emails in the light most favorable to him. But, as the District Court found, the emails did not evidence bad faith or ill will; rather, they expressed substantial concerns about Wolff's professionalism. One email related to the student teaching contract and, although the writer

3

expressed a hope that Wolff's behavior would cause him to be removed from the program before his student teaching began, the email reflected an intention to enter into the contract with Wolff despite concerns about his performance. Another email referred to a previous message discussing the start of an academic dishonesty investigation into Wolff, and reflected an administrator's opinion that the removal process should begin. These emails do not raise a genuine issue of fact as to the nature of the SUNY defendants' intentions; fairly read, they reflect no more than appropriate professional and academic concerns. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). Nor did the District Court err in disregarding Wolff's counterstatement of material facts: in it, Wolff cited no record evidence. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001).

To satisfy procedural due process, an institution must give a student subject to possible dismissal for academic reasons notice and must render an ultimate decision that is "careful and deliberate." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 191 (2d Cir. 2015). The process that Wolff received met that standard. He received notice of the prospective dismissal. He had an opportunity to state his case in a letter and an in-person meeting, and then in a formal appeal to the Teacher Education Board of Appeals. He alleges that an improper pecuniary interest tainted the decisions of two of the administrators who participated in the administrative decision to terminate his student teaching contract and also reviewed that decision on appeal. He argues that, because they knew that Wolff was considering a civil lawsuit against them, they were conflicted and should not have sat on the review board. This argument fails: the administrators had no pecuniary interest in the outcome of the school's internal administrative appeal, and, in any event, the ultimate decision on appeal was made by a different administrator, the dean of the School of Education.

With regard to Wolff's Title IX claims, the District Court also properly granted summary judgment to SUNY Cortland and the individual defendants.[1] Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). To establish harassment sufficient to create a hostile educational environment that would violate Title IX, a plaintiff must show that the harasser's "conduct created an educational environment sufficiently hostile as to deprive [him] of 'access to the educational opportunities or benefits' provided by [his school]," and he must show that the institutional defendants had actual knowledge of the harassment and failed to respond. *Hayut v. State Univ. of New York*, 352 F.3d 733, 750 (2d Cir. 2003) (quoting *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650 (1999)). First, Wolff offered no evidence that Williams's reports altered his educational environment. Rather, Wolff's Consultation Letter was issued based on multiple reports from students and faculty, and these predated any administrator's knowledge of the relationship between Wolff and Williams. Second, although before administrators created the student teaching contract Wolff had revealed his terminated relationship with Williams, the contract reflected only faculty concerns about Wolff's professionalism, not anything related to Williams's complaints. The undisputed evidence showed that Wolff was dismissed for failure to follow faculty instructions and work on addressing the faculty's concerns.

Wolff's reliance on *Papelino v. Albany College of Pharmacy of Union University*, 633 F.3d 81 (2d Cir. 2011), is misplaced. Even assuming that Williams and others made false reports to the administrators, and those individuals were aware that the reports were false, the evidence showed that SUNY Cortland never charged Wolff with any wrongdoing related to those reports (i.e., sexual harassment or cheating). Nor did it base the student contract or his dismissal on those reports. For the same reasons, we must reject Wolff's argument that the

---

[1] Wolff correctly points out with respect to SUNY Cortland's Eleventh Amendment immunity that the university can be held liable for violations of Title IX consistent with the Eleventh Amendment. *See Franklin v. Gwinnett Cty. Pub. Schs.*, 503 U.S. 60, 72-73 (1992). The District Court did not state otherwise, and analyzed Wolff's Title IX claims on the merits. Because Wolff failed to assert a viable Title IX claim, the District Court properly denied him relief under that statute.

5

SUNY defendants can be held liable for carrying out a program of discrimination engineered by Williams. The SUNY defendants ultimately chose not to rely on the student reports when creating the student teaching contract or dismissing Wolff from the program. A reasonable jury could not find otherwise.

\* \* \*

We have considered all of Wolff's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6